## HOFFMAN *vs.* STOUDEMIRE, GUARDIAN.

[FINAL SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Investment by guardian, in Confederate States four per cent. certificates.*— Under the provisions of the act of the legislature, approved November 9th, 1861, a guardian was authorized, during the war, to invest the funds of his ward's estate in Confederate States four per cent. certificates. (BYRD, J., *dissenting.*)
2. *Same : failure to report in sixty days.*—The failure of the guardian to report such investment to the proper court, within sixty days, as required by said act, does not deprive him of a right to a credit for such investment, provided he had a good cause for not reporting it. This right, consummated and vested under the *de facto* government of the State, is not taken away by the restitution of the authority of the United States.

APPEAL from Probate Court of Autauga.

IN the matter of the final settlement of the accounts and vouchers of Lewis Stoudemire, as guardian of Catharine A. Hoffman. This settlement was made on the 3d day of April, 1867. In relation to the credit of $3,900, mentioned in the opinion, the bill of exceptions states as follows : " There were two credits allowed the guardian on said annual settlement of June 8th, 1866, one of $3,300, and one of $600, which were claimed to be for money invested by the guardian, for the ward, in Confederate States four per. cent. certificates. The said Catharine, by her guardian, moved the court to strike out from the said account of June 8th, 1866, the said credit of $3,300, and also the credit of $600, for money claimed to have been invested in Confederate States four per cent. certificates, and to disallow said two credits, and proved upon said motion, that said guardian had made no report or return of said investment, in said four per cent. certificates, to the probate court until the 8th of May, 1866, at which time he made the following report :

The State of Alabama,⎫ To the honorable G. W. Ben-
     Autauga County. ⎭ son, judge, &c. The report of
Lewis Stoudemire, showeth unto your honor, that he is the

guardian of Catharine A. Hoffman, a minor; that on the 3d day of March, 1864, he invested of his said ward's funds, the sum of $3,300, in four per cent. certificates of the Confederate States of America, that on the 11th day of March, 1864, he invested the further sum of $600, in said certificates; that the first named certificate is numbered 113, and is for the sum of $3,300, and that the other is numbered 979, and is for the sum of $600; that he invested said money in good faith, believing at the time, that it was the best, and only legal investment he could make of it. Sworn, &c..　　　　(Signed,)　　　　L. STOUDEMIRE.

The above report was all the report or return made by said Stoudemire of said investment. The said guardian introduced as evidence against the said motion, the decree of said court, rendered on the 8th day of May, 1866, which is as follows:

C. A. Hoffman, a minor.　　　　⎫　This day came
　　Report of investment in　　⎬ Lewis Stoudemire,
Confederate four per cent. certificates. ⎭ guardian of said minor, and filed in writing, under oath, his report of the investment of certain funds of his ward, in four per cent. certificates of the Confederate States, and the court, upon due consideration of the evidence submitted in relation to said investment, considers that said report be received and filed. And it is ordered, adjudged, and decreed, that said report be ratified and confirmed, and that the said guardian be allowed as a credit, the amount so invested by him. It is further ordered, that said report be recorded."

"The court overruled the motion, and allowed the credits as claimed; and to which several rulings of the court to strike out and disallow each of said credits, and in overruling said motion, and allowing said two credits, the said Catharine, by her guardian, excepted."

In response to a *certiorari*, there was sent up and attached to the record the annual settlements of the said guardian, from 1854, the year in which he was appointed guardian, up to and including the annual settlement of June 8th, 1866. There was also attached to the record, copies of the four per cent. certificates. The first, (No. 113,) for $3,300,

is in the name of L. Stoudemire, individually. The other, (No. 979,) for $600, is in the name of Emanuel Golson.

The said Catharine, by her guardian, appealed, and assigned as error, the allowing of the credit as above set forth.

JOHN ENOCHS, RICHARD M. WILLIAMSON, and WILLIAM F. WITCHER, for appellant.

WATTS & NORTHINGTON, *contra.*

A. J. WALKER, C. J.—Upon the final settlement of the accounts of the appellee, as guardian of the appellant he was credited with $3,900. This credit was allowed upon the ground that so much money was, by the guardian, during the existence of the government of the Confederate States, invested in four per cent. certificates of that government.

Several objections are made to the legality of this credit. The first objection which we will notice is, that the investment was not reported to the probate court within sixty days after the investment. The act of 9th November, 1861, (Pamphlet Acts, p. 53,) requires that such investment should be reported within sixty days, "unless good cause [should] be shown to the proper court for not making the report within that time, or they [should] not be so credited." The investment here was made on the third of March, 1864, and was not reported until the 8th May, 1866. At that time, and upon the reception of the report, it was ordered, that it be received and filed and recorded, and ratified and confirmed, and that the guardian be allowed a credit for the investment. On the 8th June, 1866, an annual settlement was made by the guardian, and on that settlement a credit for the investment was allowed. If it be doubtful whether the action of the court directly upon the report involved a valid decision, that there was good cause for not making the report within sixty days, it is certain that on the 8th June, 1866, the court, in deciding that the credit should be allowed, adjudged that there was a good cause for the omission to report within the precribed time. The annual settlement is to be regarded as *prima facie* correct. There is no evidence assailing its correctness as to there having been such good cause.

It is contended that the force of the act of 9th November, 1861, expired with the *de facto* government of the Confederate States, and that no investment under that act can be sustained, unless it was consummated before that time. From this proposition we do not dissent, but we think it does not affect the case. If there was a good cause for not reporting within sixty days, such cause had its existence within sixty days from the 3d March, 1864, and of course during the existence of the Confederate government. The guardian having made the investment, and having a good cause for not reporting within sixty days during the existence of that government, his right to a credit was complete. This right, thus consummated and vested under the *de facto* government, was not taken away by the restoration of the authority of the United States. The question of the existence of this right is necessarily referred to the tribunal in which it is set up, and independent of any statutory jurisdiction upon the subject, the probate court in which the credit is claimed must have authority to pass upon the questions involved in the legality of such credit. The reference in the act "to the proper court" of the question of the sufficiency of the cause is entirely immaterial. The *proper court*, aside from the act as well as under the act, is *the court* in which the right should be set up. For these reasons, we conclude that the allowance of the credit was an adjudication in favor of a right consummated and vested during the existence of the Confederate government, and not the completion of a right in progress when that govment ceased.

It is insisted for the appellant that an investment in four per cent. certificates was not an investment in bonds. Those certificates were evidence afforded by the government of the investment in bonds, and an obligation of the government to deliver the bonds. The point is decided adversely to the appellant in *Dockery v. McDowell*, 40 Ala. Rep. 476.

The adjudication in the annual settlement of June 8th, 1866, is *prima facie* evidence of the correctness of the credit. We have been invited by the appellant's counsel to look behind the record of the final settlement at antecedent

proceedings in the administration, not set forth in the bill of exceptions, to find evidence of the error in allowing the credit on the authority of the annual settlement of 1866. Conceding that the previous proceedings of the probate court in the administration, (as to which we make no decision,) are evidence, we do not find enough in them to overturn the *prima facie* evidence of the correctness of the credit afforded by the annual settlement of 1866.

BYRD, J.—Not concurring in the result attained by the court; but is of opinion that we should look to the entire record, and in so doing, he is satisfied that the appellee is not entitled to a credit for his investments in Confederate four *per cent.* certificates.

Affirmed.